BORGFELDT *et al. v.* ERHARDT, Collector.

*(Circuit Court, S. D. New York. January 7, 1890.)*

1. CUSTOMS DUTIES—FREE-LIST—HORN STRIPS.
    Polished horn strips, ready and completed for use as bones or stays for ladies' corsets or dresses, are free of duty, under paragraph 513 of section 2503, Rev. St. U. S., (Free-List.)
2. SAME—CONSTRUCTION OF ACT—COMMERCIAL DESIGNATION.
    The commercial designation is the first and most important designation to be ascertained in settling the meaning and application of the tariff laws.

At Law.

This was an action against the collector of the port of New York to recover duties alleged to have been exacted in excess of the lawful duty. The plaintiffs on May 27, 1889, imported certain merchandise, consisting of pieces of horn of India cattle, cut into strips, polished and ready for use as bones or stays for ladies' corsets and dresses. The collector classified the merchandise as manufactures of horn, under Schedule N of the tariff act of 1883, (Tariff Index, 399,) at 30 per centum *ad valorem.* The plaintiffs protested, and claimed that by virtue of the provision in the free-list of said act the merchandise was exempt from duty as " horn strips." Id. 513. Upon the trial it was shown that the horns were cut from cattle in India, brought from there to Paris, and split lengthwise. The solid tip of the horn was cut off. Then the horn is soaked, and afterwards put into an hydraulic steam-press, with a steel plate between each layer, and pressed down and flattened. Then they are planed into strips of various lengths, and cut into uniform lengths; then they are assorted, some of them scraped smooth, others polished, some allowed to remain with the end perfectly square, and others are rounded off, and holes punched in the ends. As a matter of fact, the merchandise was a manufacture of horn, but it was shown by the testimony of many trade witnesses that the merchandise in any and all of the conditions above mentioned, after being stripped from the horn, was known in the trade and commerce of this country at and prior to the passage of the tariff act of March 3, 1883, as "horn strips." The clause of the free-list (section 2503, Rev. St. U. S.) reads as follows, (Tariff Index, 513:) " Horns and parts of horns, unmanufactured, and horn strips and tips, (free.)" At the close of the testimony, the counsel for the defendant moved for a direction of a verdict on the grounds (1) that the plaintiffs had not proven facts sufficient to entitle them to recover; and (2) that, under a proper construction of paragraph 513 of section 2503 of the United States Revised Statutes, only unmanufactured articles were intended by congress to be included therein, and the uncontradicted evidence in the case tended to show that the merchandise in suit, by whatever name they might be called, were in fact manufactures of horn. Counsel for plaintiffs also moved for a direction of a verdict on the ground that the articles in suit were commercially known as "horn strips," whether manufactured or not, and were included in the language of paragraph 513 of the free-list.

*Coursen & Coursen,* for plaintiffs.

*Edward Mitchell,* U. S. Atty., and *Henry C. Platt,* Asst. U. S. Atty., for defendant.

LACOMBE, J.   The construction contended for by the defendant would probably be the sound one if the word "unmanufactured" were found at the end of the 513th paragraph.   Inasmuch, however, as the word "unmanufactured" is inserted in the middle of that paragraph, the natural inference would be that the phrase "horn strips and tips" covers both manufactured and unmanufactured horn strips and tips, provided they are not so advanced in manufacture as to become something else.   Apart from that, however, the case here is entirely clear upon the other principle, to-wit, that of commercial designation.   The evidence shows conclusively that articles exactly like the articles in suit here were imported into this country regularly by the trade prior to March 3, 1883; that they were universally known in the trade as "horn strips;" were imported as such; and, under the free-list enumeration of the successive tariff acts then in force, paid no duty.   In view of that fact, it is to be assumed that when congress passed the act of March 3, 1883, it must have known that these articles were recognized in the trade as horn strips, and legislated accordingly.   When, therefore, it used the words "horn strips" in the free-list we are to assume it was entirely familiar with these articles, and included them within that term.   Verdict directed for plaintiffs.