NORMA CO. OF AMERICA *v.* UNITED STATES (No. 1468).[1]

RACEWAYS FOR BALL BEARINGS.

> These articles are so far finished when imported as to indicate *per se* their ultimate use, and their shape and condition unfit them commercially for any other than this use. The words "finished or unfinished, and parts thereof," paragraph 106, tariff act of 1913, apply to finished or unfinished ball bearings, and also to parts of finished or unfinished ball bearings. The importations were properly assessed under that paragraph.

United States Court of Customs Appeals, March 18, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36535 (T. D. 34774).

[Affirmed.]

*Brooks & Brooks* for appellant.

*Bert Hanson,* Assistant Attorney General (*Henry M. Farrell,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise now up on appeal was the subject of a warehouse entry which made it dutiable under the tariff act of 1913.

The appraiser reported the merchandise to be "finished rings of iron or steel, parts of ball bearings." Return for duty was made at 35 per cent ad valorem under the last part of paragraph 106 of that act. The collector assessed duty upon the importation in accordance with this return.

The importers protested against the assessment, claiming duty upon the merchandise at the rate of 20 per cent ad valorem as manufactures of metal not specially provided for under paragraph 167 of the act.

---

[1] Reported in T. D. 35250 (28 Treas. Dec., 460).

The protest was submitted upon evidence to the Board of General Appraisers and was overruled. The importers now appeal from that decision.

The following is a copy of the pertinent parts of paragraphs 106 and 167 of the tariff act of 1913:

106. * * * Antifriction balls, ball bearings, and roller bearings, of iron or steel or other metal, finished or unfinished, and parts thereof, 35 per centum ad valorem.

167. Articles or wares not specially provided for in this section; * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.

The merchandise in question consists of steel rings in two sizes, invoiced as inner and outer rings, respectively, the diameter of the inner rings being about five-eighths of an inch and of the outer rings $1\frac{3}{16}$ inches. Grooves have been cut on the outer periphery of the inner rings and on the inside of the outer rings. They are to be used as raceways in ball bearings after they have been further ground and finished. The appraiser evidently was mistaken in his statement that the rings as imported were finished for use in ball bearings, for in fact they must pass through a number of finishing processes in this country before they are fit for that use. They are, however, so far finished when imported as to indicate *per se* their ultimate use, and by reason of their shape and condition they are unfit commercially for any other use. They are therefore unfinished parts, and not mere materials for the manufacture of ball bearings. Redden & Martin *v.* United States (5 Ct. Cust. Appls., 485; T. D. 35147).

The question therefore arises whether unfinished parts of ball bearings are included within the terms of paragraph 106, *supra*. The importers contend that the paragraph distinguishes between ball bearings and parts thereof, and that the terms of extension, viz, "finished or unfinished," are expressly made applicable to the provision for ball bearings only and not to that for parts thereof. According to this claim the classification would read "ball bearings * * * finished or unfinished" and "parts thereof" (*i. e.*, of ball bearings), unmodified and unextended by the terms "finished or unfinished." The importers argue that this construction indicates a legislative intention to bring entire ball bearings, whether finished or unfinished, within the classification, but not to bring parts of ball bearings therein unless such parts be completely finished as parts. Inasmuch as the present rings are yet in part unfinished for use as ball-bearing rings, the importers claim that they do not properly come within the classification established by the paragraph.

The court, however, inclines to a different construction of the paragraph from that just stated. The paragraph in question covers "ball bearings, * * * finished or unfinished, and parts thereof."

The phrase "parts thereof," standing alone, is of course incomplete, and its real meaning and application can only be found by construing it in connection with that which precedes it in the sentence. These preceding terms are not "ball bearings" only, but are "ball bearings, * * * finished or unfinished." The meaning of the clause, therefore, is that the prescribed duty shall apply to finished or unfinished ball bearings and also to parts of finished or unfinished ball bearings. The practical and reasonable effect of this construction is to make the terms "finished or unfinished" apply alike to ball bearings and to the parts thereof. Moreover an unfinished ball bearing is simply a ball bearing with certain unfinished parts, and it is reasonable to believe that Congress intended such unfinished parts to bear the same rate of duty whether imported separately or together.

The importers rely in their brief upon the case of Borgfeldt *v.* Erhardt (41 Fed., 102), relating to a provision in the free list of the tariff act of 1883 for "horns and parts of horns, unmanufactured, and horn strips and tips." The court in that case held that the term "unmanufactured" in the foregoing construction did not modify or restrict the subsequent terms "horns strips and tips." This authority, however, does not seem to be in point, since the provision for horn strips and tips constituted a wholly independent classification, bearing no essential relation to anything which preceded it in the paragraph, whereas the term "parts thereof" in the provision now under review necessarily refers to that which precedes it in the paragraph, and must be construed together therewith.

The decision of the board is therefore *affirmed.*